UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-CV-24469-WILLIAMS/GOODMAN

DOMINIQUE SIMON,

       Plaintiff,

v.

ROGER PIERRE,

       Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON *SUA SPONTE* DISMISSAL
WITHOUT PREJUDICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

With the Court's permission [ECF No. 10, p. 3], *pro se*[1] Plaintiff Dominique Simon

("Plaintiff" or "Simon") filed a First Amended Complaint [ECF No. 12 ("FAC")].[2] United

---

[1]     "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[2]     Plaintiff also filed a motion for leave [ECF No. 11], which the Undersigned denied as moot [ECF No. 13] in light of the Court's earlier Order [ECF No. 10, p. 3] granting Plaintiff permission to file an amended complaint on or before January 3, 2025.

States District Judge Kathleen M. Williams referred "all discovery disputes and non-dispositive pretrial motions" to the Undersigned. [ECF No. 7].

For the reasons stated herein, the Undersigned respectfully **recommends** that the District Court *sua sponte* **dismiss without prejudice** Plaintiff's FAC [ECF No. 12] and provide Plaintiff with an opportunity to amend his pleading.

## I.      Background

On November 12, 2024, Plaintiff initiated two separate lawsuits: Case No. 24-cv-24467-BB against **Marie Carole Desir** and the instant action (Case No. 24-cv-24469-KMW) against **Roger Pierre**. Although Plaintiff filed these actions separately, a review of both complaints showed that the cases stemmed from the same set of facts and pled the same causes of action (*i.e.*, money laundering, conspiracy, fraud; larceny by tricks, and fraudulent misrepresentation). *Compare* [ECF No. 1] *with* [ECF No. 1 in Case No. 24-cv-24467-BB].

For these reasons, the Undersigned issued a Report and Recommendations [ECF No. 8], recommending that Judge Williams dismiss (mostly) without prejudice Plaintiff's Complaint [ECF No. 1], deny without prejudice Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3], and consolidate this case with *Simon v. Desir*, Case No. 24-cv-24467-BB (S.D. Fla. Nov. 12, 2024). However, after the Undersigned issued this Report and Recommendations, United States District Judge Beth Bloom dismissed without prejudice *Simon v. Desir* [ECF No. 7 in Case No. 24-cv-24467-BB (S.D. Fla. Dec. 4, 2024)].

As a result, Judge Williams adopted *in part* the Undersigned's Report and Recommendations, noting that "consolidation of the actions [was] no longer proper and the Court decline[d] to adopt that portion of the Report." [ECF No. 10, p. 2]. Judge Williams denied as moot Plaintiff's *in forma pauperis* motion, dismissed (mostly) without prejudice Plaintiff's Complaint [ECF No. 1], and allowed Plaintiff until January 3, 2025 to file an amended complaint, if possible. *Id.* at 3.

On January 3, 2025, Plaintiff filed his FAC [ECF No. 12]. The caption lists "Roger Pierre[,] et al[.]" as "Defendants." *Id.* at 1. The FAC includes five causes of action: breach of fiduciary duty (Count 1); conspiracy (Count 2); fraud in the inducement (Count 3); larceny by trick (Count 4); and fraudulent misrepresentation (Count 5). For the reasons discussed below, Judge Williams should *sua sponte* **dismiss** Plaintiff's FAC **without prejudice and with leave to amend**.

In conjunction with his FAC, Plaintiff also filed the now-mooted motion for leave to amend [ECF No. 11]. The motion states, in part, that "Plaintiff is seeking leave to continue as regular pay pleading, because Plaintiff's financial status has been merely changed upon reaching a personal injury settlement on Nov. 21, 2024." *Id.* at 2 (grammatical errors in original). Thus, it appears that Plaintiff, who filed an *in forma pauperis* motion on November 12, 2024, received money from a settlement nine days later and now intends to proceed as a "regular pay" litigant. *Id.* As discussed below, Judge Williams should condition the filing of a second amended complaint upon the payment

of the $405.00 filing fee.

## II.     Applicable Legal Standards

As noted above, it does not appear that Plaintiff is still seeking to proceed *in forma pauperis*, which would have triggered the Court's obligation to review the *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2). Nonetheless, a district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint **even when the defendant does not seek such relief**. *See Hirsch v. Ensurety Ventures, LLC*, No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020). Thus, even if a plaintiff is not seeking *in forma pauperis* status, the Court still has the authority to *sua sponte* dismiss a shotgun pleading complaint.

## III.     Analysis

### A.     Plaintiff's FAC Should Be *Sua Sponte* Dismissed Without Prejudice

#### i.     Unnamed/Inadequately Named Defendants

As noted above, the caption of Plaintiff's FAC lists "Roger Pierre[,] et al[.]" as "Defendants." *Id.* at 1. This is a violation of Federal Rule of Civil Procedure 10, which states, in relevant part, that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Plaintiff may not rely on a catchall "*et al.*" designation and is required to list each Defendant by name in the caption of his amended pleading.

4

Under the heading "Parties[,]" Plaintiff alleges that "Defendants, Pierre et al, were and remain resident [sic] of Montreal Nord Canada[.]" *Id.* at ¶ 5. It is clear that Plaintiff seeks to include *multiple* defendants in this lawsuit because other parts of the FAC refer to "Defendants" (plural) and to "Defendant Marie Carole Desir[.]" *See*, *e.g.*, *id.* at ¶ 15. Additionally, in his now-mooted motion for leave, Plaintiff states "[he] is seeking leave to add Vladimir Pierre as [an] additional new named Defendant, and requests that the amendment . . . be incorporated into the Amended Complaint." [ECF No. 11, p. 2]. While the FAC includes multiple references to Vladimir Pierre (in addition to Roger Pierre), it is not explicitly clear from the document that Vladimir Pierre is a defendant in this lawsuit.

If Judge Williams grants Plaintiff leave to file a second amended complaint, then Plaintiff may add as defendants all individuals or entities he believes are proper defendants to this lawsuit, but he **must clearly identify them as such.** All Defendants should be listed in the caption of Plaintiff's second amended complaint and, under the "Parties" heading, each Defendant should be listed in separate paragraphs, identifying the citizenship of that Defendant (*i.e.*, in the case of a corporate entity, the place of incorporation and the location of that entity's principle place of business and, in the case of an limited liability company, the citizenship of all the members composing the entity).

### ii.     Shotgun pleading

The FAC is also due to be dismissed as a shotgun pleading. The Eleventh Circuit

has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the

pleader to present his claims discretely and succinctly, so that his adversary can discern

what he is claiming and frame a responsive pleading." *See Barmapov v. Amuial*, 986 F.3d

1321, 1324 (11th Cir. 2021) (quoting *Weiland*, 792 F.3d at 1320). Complaints that violate

Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has

consistently condemned such pleadings for more than three decades. *See Davis v. Coca-*

*Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases)

(abrogated on other grounds).

There are four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing
> multiple counts where each count adopts the allegations of all preceding
> counts, causing each successive count to carry all that came before and the
> last count to be a combination of the entire complaint. The next most
> common type . . . is a complaint that does not commit the mortal sin of re-
> alleging all preceding counts but is guilty of the venial sin of being replete
> with conclusory, vague, and immaterial facts not obviously connected to
> any particular cause of action. The third type of shotgun pleading is one
> that commits the sin of not separating into a different count each cause of
> action or claim for relief. Fourth, and finally, there is the relatively rare sin
> of **asserting multiple claims against multiple defendants without**
> **specifying which of the defendants are responsible for which acts or**
> **omissions, or which of the defendants the claim is brought against**.

*Weiland*, 792 F.3d at 1321–23 (footnotes omitted; emphasis added).

"The Eleventh Circuit has repeatedly and unequivocally condemned shotgun

6

pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

Here, Plaintiff's FAC is a shotgun pleading because it is unclear which counts are asserted against which Defendants. In fact, as discussed in the preceding subsection, it is unclear whether some of the individuals named in some of the counts (*i.e.*, Marie Carole Desir and Vladimir Pierre) are actually even Defendants to this lawsuit because they are not listed in the caption or under the "Parties" heading of the FAC. *See*, discussion, *supra*. Thus, as pled, Plaintiff's FAC is due to be dismissed as a shotgun pleading. *See Omni Healthcare Inc. v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-CV-696-JSS-DCI, 2024 WL 4235850, at *7 (M.D. Fla. Sept. 19, 2024) ("Because the counts in the amended complaint are so unclear that it is virtually impossible to know which claims are brought against which [d]efendants, the court will dismiss the amended complaint without prejudice as a shotgun pleading.").

Additionally, Plaintiff does not incorporate any of the facts in the sections entitled "Facts" and "Facts 1" into any of his counts. If Plaintiff wants the Court to consider a fact

as part of a specific count, then he must incorporate that fact into that count by reference to the numbered paragraph of that fact. What he may not do, as he did in his original Complaint [ECF No. 1], is incorporate each preceding paragraph into the next count because then the pleading becomes the first type of impermissible shotgun pleading listed in *Weiland* – *i.e.*, "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.

Because Plaintiff's FAC is a shotgun pleading, the Undersigned **respectfully recommends** that Judge Williams *sua sponte* **dismiss** it **without prejudice and with leave to file a second amended complaint**.

[**Note:** This Report and Recommendations does *not* substantively conclude that Plaintiff, in fact, has viable factual and legal grounds to file a second amended complaint. It merely recommends that Plaintiff be given the *opportunity* to do so **if** he can do so consistent with his obligations under Federal Rule of Civil Procedure 11.[3] If he cannot, then (obviously) he should not file an amended complaint. Resources and information related to proceeding in court without a lawyer are available on the Court's website (https://www.flsd.uscourts.gov/filing-without-attorney).].

---

[3] "Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court, including those filed *pro se*." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306 (11th Cir. 2022).

### B.    Payment of the $405.00 Filing Fee

At the commencement of this action, Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 3]. As noted above, Plaintiff appears to no longer be seeking *in forma pauperis* status, given the receipt of an unspecified sum of money upon the settlement of a personal injury claim. [ECF No. 11, p. 2 ("Plaintiff is seeking leave to continue as regular pay pleading, because Plaintiff's financial status has been merely changed upon reaching a personal injury settlement on Nov. 21, 2024." (grammatical errors in original))]. Accordingly, the Undersigned **respectfully recommends** that Judge Williams condition the filing of a second amended complaint upon the **payment of the $405.00 filing fee**.

### C.    Filing of Summons for Each Defendant and Service of Process

Lastly, if Plaintiff chooses to file a second amended complaint, then Plaintiff must also submit summonses for the Clerk's signature for each Defendant listed in the second amended complaint. Because Plaintiff is no longer seeking to proceed in *forma pauperis*, Plaintiff is responsible for serving a copy of the corresponding summons (signed by the Clerk of the Court) with a copy of the second amended complaint on **each** Defendant named in that pleading in accordance with Federal Rule of Civil Procedure 4. *See AbdulMalik v. Robins Fin. Credit Union*, No. 1:23-CV-2339-JPB-JKL, 2023 WL 11915717, at *1 (N.D. Ga. June 7, 2023) ("A plaintiff in a civil action must serve the defendant with a summons and a copy of the complaint[.]").

Plaintiff must effectuate service of process and file on CM/ECF proof of service of

the second amended complaint on each Defendant in accordance with (and within the time allotted by) Federal Rule of Civil Procedure 4(m). If a Defendant has not been timely served with notice of this action evidenced by valid proof of service filed on the CM/ECF docket, then Plaintiff's claim(s) against that Defendant will be dismissed without prejudice pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Undersigned notes that the FAC alleges that at least some (if not all) Defendants reside in Canada. *See* [ECF No. 12, ¶ 12 ("Defendants, Pierre et al, were and remain resident [sic] of Montreal Nord Canada[.]")]. As to those Defendants, Plaintiff *may* need to effectuate service of process in a manner consistent with the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). This is because Canada is a signatory to the Hague Convention. *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Jan. 7, 2025) (listing current contracting parties).

## IV.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that

Judge Williams *sua sponte* **dismiss** the FAC [ECF No. 12] **without prejudice and with**

**leave to amend conditioned upon the payment of the $405.00 filing fee**.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with

United States District Judge Kathleen M. Williams. Each party may file a response to the

other party's objection within fourteen (14) days of the objection. Failure to file objections

timely shall bar the parties from a de novo determination by the District Judge of an issue

covered in this Report and Recommendations and shall bar the parties from attacking on

appeal any factual or legal conclusions contained in this Report and Recommendations

and to which they did not object, except upon grounds of plain error if necessary in the

interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley*

*v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on January

7, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

11

**Copies furnished to:**
The Honorable Kathleen M. Williams
Counsel of Record