UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-24469-CV-WILLIAMS

DOMINIQUE SIMON,

    Plaintiff,

v.

ROGER PIERRE, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Plaintiff Dominique Simon's Motion for Leave to File Fourth Amended Complaint (DE 43) ("**Motion**") and Chief Magistrate Judge Jonathan Goodman's Report and Recommendation (DE 34) ("**Report**"). In the Report, Judge Goodman recommends *sua sponte* dismissal of Plaintiff's Third Amended Complaint (DE 28) based on discrepancies between Plaintiff's allegations regarding diversity jurisdiction and the reality of Plaintiff's attempts to serve Defendants. (DE 34 at 11–12.)

Plaintiff filed Objections to the Report. (DE 37.) Objections to a report and recommendation must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). If the objections meet this specificity requirement, the Court makes "a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort v. Prem*, Inc., 208 F. App'x 781, 783–84 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)). "If a party fails to object to any portion of the magistrate judge's report,

those portions are reviewed for clear error." *Havana Docks Corp. v. Carnival Corp.*, 592 F. Supp. 3d 1088, 1150 (S.D. Fla. 2022) (citing *Macort*, 208 F. App'x at 784). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. Fla. Mag. J. R. 4(b). Instead of objections to Judge Goodman's legal conclusions, Plaintiff merely attempts to justify his attempts to serve Defendants in Florida.

Nonetheless, the Court recognizes that Plaintiff is proceeding *pro se*. To balance Plaintiff's *pro se* status with the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case, and [it's duty to] raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises,"[1] the Court will grant Plaintiff leave to file a Fourth Amended Complaint to cure the jurisdictional deficiencies identified in the Report. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citation omitted). However, if Plaintiff chooses to file a Fourth Amended Complaint,

---

[1] Federal courts are courts of limited jurisdiction and may only exercise jurisdiction pursuant to the U.S. Constitution and a statutory grant of authority to adjudicate the asserted claim. *Kakkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In accordance with its limited jurisdiction, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). The party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (internal citation omitted). Because federal courts have limited jurisdictional reach, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." See *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir.1985) (per curiam); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir.1981) (per curiam)). For, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

he shall verify the complaint, including all fact and jurisdictional allegations, under the penalty of perjury. Plaintiff should note that **no further amendment will be permitted**.

For the reasons set forth above, it is **ORDERED AND ADJUDGED** as follows:

1. Chief Magistrate Judge Jonathan Goodman's Report and Recommendation (DE 34) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Third Amended Complaint (DE 28) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion for Leave to File Fourth Amended Complaint (DE 43) is **GRANTED**. Plaintiff may file an amended complaint **within fourteen days of the date of this Order** that remedies the defects in the Third Amended Complaint identified in Judge Goodman's Report. If Plaintiff cannot file a verified complaint, he should not file an amended complaint.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 2nd day of June, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE